CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer,**<br><br>     Plaintiff,<br><br>     v.<br><br>**SC Port, LLC**, a California Limited Liability Company; **Frederick H. Leeds**, in individual and representative capacity as trustee of The Frederick H. Leeds Intervivos Trust dated November 30, 1990; **Rosa Maria Carbajal**; and Does 1-10,<br><br>     Defendants. | **Case No**. 2:19-cv-01037-RGK-MRW<br><br>**Plaintiff's Case Statement** |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed April 8, 2019, the plaintiff submits his Plaintiff's Case Statement.

### A.    Itemized List

The specific conditions at the site that forms the basis of this lawsuit are the lack of accessible parking space, path of travel, transaction counter and restroom facilities at the La Costa ("Restaurant") located in Bell, California.

1

1. Inaccessible Parking Space:



- ❖ Each accessible parking stall must have an access aisle adjacent to it. Standard accessible parking stalls can have a 60-inch-wide access aisle while van accessible stalls must have a 96 inch wide access aisle. 2010 Standards § 502.2.
- ❖ Here, the failure to have an access aisle is a violation of the ADA.
- ❖ The included photo of the Facility depicts the above violation.

2. Lack of Accessible Path of Travel:

[Photo of facility interior showing tiled floor with red runner rug, timestamped "Feb 6, 2019 at 11:37:44 AM Bell"]

- ❖ There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. To be considered an accessible route, there cannot be a stair or step. Any such change in level measuring greater than ½ inch must have a ramp or lift. Id. 2010 Standards § 303.4.
- ❖ Here, the unramped steps are a violation of the ADA.
- ❖ The included photo of the Facility depicts the above violation.

3. Lack of Accessible Transaction Counter:



- ❖ Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.
- ❖ Here, no such accessible transaction and service counter has been provided in violation of the ADA.
- ❖ The included photo of the Facility depicts the above violation.

4. Inaccessible Toilet Stall:
    ❖ Where a toilet stall is provided in a restroom in existing facilities, the size and arrangement of the standard toilet stall must be at least 60 inches wide by 56 inches deep. 2010 Standards § 604.3.1.
    ❖ Here, the toilet area does not comply and is in violation of the law.

5. Lack of Restroom Grab bars:



    ❖ For a toilet to be considered accessible under the ADA, there must be two grab bars on walls adjacent to the toilet to assist persons with disabilities to transfer to the toilet. 2010 Standards § 604.5.
    ❖ Here, the failure to provide two compliant grab bars is a violation.

5

Plaintiff's Case Statement                                    2:19-cv-01037-RGK-MRW

❖ The included photo of the Facility depicts the above violation.

6. Inaccessible Wall Mounted Accessories:

❖ If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 48 inches above the floor. 2010 Standards § 308.3.
❖ Here, the failure to ensure that the wall mounted accessories meet the height requirement is a violation of the ADA.
❖ The included photo of the Facility depicts the above violation.

7. Lack of Accessible Sink:



- Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 2010 Standards §606.5.
- Here, the failure to wrap the plumbing underneath the sink is a violation of the ADA.
- The included photo of the Facility depicts the above violation.

*Note*: As stated in the Complaint, given the obvious and blatant violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff

intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. See *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this holistic remediation.

### B.     Amount of Damages

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment. Cal. Civ. Code § 52(a); 54.3(a). "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act (Cal. Civ. § 54.3(a)). Each responsible party under the ADA is individually liable for the denial of rights. Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 849-851 (9th Cir. 2004).

The Unruh Civil Rights Acts provides for minimum statutory penalties of $4,000 plus actual damages for each offense against each responsible entity. Thus, Plaintiff claims $4,000 in statutory penalties against the property owners, SC Port, LLC and Frederick H. Leeds and $4,000 against the business owner, Rosa Maria Carbajal, for a sum total of $8,000. If this matter proceeds beyond mediation, Plaintiff will additionally be seeking damages for on-going deterrence.

**C.     Demand for Settlement of Case**

First, to provide for accessible parking space, path of travel, transaction counter and restroom facilities at the Restaurant.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

Lastly, to settle this matter globally at mediation, that Defendants pay $8,000 in statutory penalties and submit to the court as to reasonable attorney's fees and costs as provided by both the ADA and Unruh.

Dated: April 22, 2019                                         CENTER FOR DISABILITY ACCESS

By: /s/ *Dennis Price*
Dennis Price, Esq.
Attorney for Plaintiff